Andrew W. Pierce
PIERCE LAW FIRM, PC
P.O. Box 280
Missoula, MT 59806-0280
Phone: (406) 540-5206
Fax:    (406) 203-0824
Email: drew@piercelawmt.com
State Bar of Montana ID No. 5029
*(Attorney for Debtor)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>BRITANI NICHOLE BACHE and JASON ROBERT BACHE,<br><br>Debtors. | Case No. 9:23-bk-90138 -BPH<br><br>**FIRST CHAPTER 13 PLAN<br>(DATED AUGUST 29, 2023)** |

**To Debtors**: In the following notice to creditors, you must check each box that applies.

**To Creditors**: Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. If you oppose the Plan's treatment of your claim or any provision of this Plan, you must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Plan without further notice if no objection to confirmation is filed.

__X__  ____     This Plan contains non-standard provisions in paragraph 11.
Yes    No

__X__  ____     This Plan limits the amount of secured claims in paragraph 2(b) which may result
Yes    No      in a partial payment or no payment at all to the secured creditor.

__X__  ____     This Plan avoids a security interest or lien in paragraph 11.
Yes    No

**1. FUTURE EARNINGS/INCOME.** The future earnings and other income of the Debtors is submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtors shall pay to the Trustee the sum of

$1,800.00 each month for a term of 60 months, or until all of the provisions of this Plan have been completed. Plan payments shall commence within thirty (30) days following the filing of the petition. The Debtors shall make payments directly to the Trustee until their wage deductions begins.

     **2. PAYMENTS/DISBURSEMENTS.** From the payments so received, the Trustee shall make disbursements as follows:

     (a) **Administrative Claims.** The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtors' attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtors' counsel estimates that total attorney fees and costs for representation of Debtors (excluding the fee for filing the Debtors' petition) will be as follows:

|  |  |  |
|---|---|---|
| Estimated total attorney fees: |   | $6,000.00* |
| Estimated total costs: | + | $ 750.00 |
| Total estimated attorney fees and costs: | = | $6,750.00 |
| Less retainer: | - | $2,500.00 |

TOTAL ESTIMATED FEES & COSTS TO BE PAID THROUGH PLAN: $4,250.00

\* If this figure differs from the Disclosure of Compensation originally filed by the Debtors' attorney, said Disclosure must be amended simultaneously with the filing of this Plan or Amended Plan, as provided in Fed. R. Bankr. P. 2016(b).

     (b) **Impaired Secured Claims.** After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| **Name of Creditor** | **Claim Number** | **Allowed Secured Claim*** | **Rate of Interest** |
|---|---|---|---|
| First Montana Bank, Inc. (*judgment lien*) | *not yet filed* | $ 0 (to be avoided) | 0.0% |
| Midland Funding/ Midland Credit (*judgment lien*) | *not yet filed* | $ 0 (to be avoided) | 0.0% |
| Midland Funding/ Midland Credit (*judgment lien*) | *not yet filed* | $ 0 (to be avoided) | 0.0% |
| Capital Community Bank | *not yet filed* | $ 7,500.00 | 9.50% |

(*2014 Chevrolet Silverado*)

OneMain Financial         *not yet filed*         $16,100.00         9.50%
(*2015 Nissan Armada*)

Wheels Financial/ LoanMart   *not yet filed*         $ 3,699.00         9.50%
(*2004 Toyota Tundra*)

[* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

    (c) **Unimpaired Secured Claims.** The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| **Name of Creditor** | **Claim No.** | **Description of Collateral** |
|---|---|---|
| Steve Kimm* | *not yet filed* | Lot 1 & Lot 2<br>62 Indian Head Furlong<br>Libby MT 59923 |

<u>*Anesthesia Associates of Coeur d'Alene Steve Kimm, TTEE FBO Steve Kimm, Steve Kimm, and Mountain West IRA Inc. FBO, Denise Kimm IRA, (hereinafter "Steve Kimm")</u>

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Amount of Arrearage** |
|---|---|
| Steve Kimm<br>(*Lot 1*<br>*62 Indian Head Furlong*<br>*Libby MT 59923*) | $ 5,228.66 |
| Steve Kimm<br>(*Lot 2*<br>*62 Indian Head Furlong*<br>*Libby MT 59923*) | $ 27,445.34 |

9:23-bk-90138-BPH   Doc#: 24   Filed: 08/31/23   Page 3 of 6

Upon completion of the Plan, all pre-petition arrearages provided for by this Plan shall be deemed current.

(d) **Domestic Support Obligations.** After the payments provided for above, the Trustee shall pay all allowed pre-petition domestic support obligations. Such allowed claims for pre-petition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

**Creditor**              **Complete Address**             **Claim Amount**

(e) **Priority Claims.** After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

(f) **General Unsecured Claims.** After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

(g) **Liquidation Analysis.** The total amount distributed under paragraphs 2(d), (e) and (f) above will be at least $9,000.00, which exceeds what would be available to pay unsecured claims if the Debtors' estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

**3. ASSUMPTION OF CONTRACTS OR LEASES.** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

**Assumed items.** Current installment payments will be disbursed either by the Trustee or directly by the Debtors, as specified below, <u>subject to any contrary court order</u>. Arrearage payments will be disbursed by the Trustee.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Monthly amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| N/A | | | | | |

Current installment payments on [describe lease] disbursed by: ___ Trustee ___ Debtors

**4. SURRENDER OF PROPERTY.** The Debtors surrender any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this

9:23-bk-90138-BPH   Doc#: 24   Filed: 08/31/23   Page 4 of 6

Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules. Upon confirmation, the stay that arose under 11 U.S.C. § 362 and 11 U.S.C. § 1301 immediately terminates without further order. The termination does not authorize actions for personal liability or property not surrendered.

| **Secured Creditor** | **Description of Collateral** |
|---|---|

    **5. POSTPETITION SECURED DEBT:** The Debtors reserve the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtors' performance under this Plan.

    **6. REPORT OF CHANGES IN INCOME:** The Debtors shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

    **7. DECLARATIONS:** Under penalty of perjury, Debtors affirm that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all post-petition payments due on all domestic support obligations have been paid through the date of this Plan.

    **8. VESTING OF PROPERTY OF THE ESTATE.** Property of the estate shall revest in the Debtors upon (Check the applicable box):

        ___    Plan confirmation.
        ___    Closing of the case.
        _X_    Other: All property of the estate shall revest in the Debtors upon Plan confirmation, except that Lot 1 and Lot 2 of 62 Indian Head Furlong, Libby, MT 59923, shall revest in the Debtors upon the closing of the case or the entry of the Court's Discharge Order, whichever occurs first.

    **9. PREVIOUS BANKRUPTCIES, AND DISCHARGE:** (Check one)

    ___    Debtors are not eligible for a discharge of debts because the Debtors have previously received a discharge described in 11 U.S.C. § 1328(f).

    _X_    Under penalty of perjury, Debtors declare that they have not received a discharge in a previous bankruptcy case that would cause them to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

    **10. INCOME TAX REFUNDS:** Debtors, within 14 days of filing the return, will supply the Trustee with a copy of each tax return filed during the Plan term. (Check one)

    _X_    Debtors will retain any tax refunds received during the Plan term and has included

      them in Debtors' budget.
- Debtors will turn over to the Trustee all income tax refunds received during the plan term.
- Debtors project no tax refunds. Any tax refunds received during the term of the Plan will be turned over to the Trustee.
- Debtors will turn over to the Trustee a portion of any income tax refunds received during the Plan term as specified below:

  _____

**11. NON STANDARD PROVISIONS.**

- None.

If "None" is checked, the rest of Paragraph 11 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions are required to be set forth below. These Plan provisions will be effective only if the applicable box on Page 1 of this Plan is checked.

The Debtors will file motions to avoid the judgment liens of First Montana Bank, Inc., and Midland Funding/Midland Credit Management on the Debtors' residence as impairing the Debtors' homestead exemption.

**12. CERTIFICATION.** No changes have been made to the form required by Montana Local Bankruptcy Rules except those referenced in Paragraph 11 and the Debtors are not seeking confirmation of any provision not allowed under the Federal Rules of Bankruptcy Procedure.

DATED this 29th day of August, 2023.

                                          */s/ Britani Bache*
                                          Britani Bache
                                          Debtor

                                          */s/ Jason Bache*
                                          Jason Bache
                                          Joint Debtor

                                          */s/ Andrew W. Pierce*
                                          Andrew W. Pierce
                                          Attorney for Debtors