Ben D. Kappelman
Dorsey & Whitney, LLP
125 Bank Street, Suite 600
Missoula, MT 59802-4407
Tel: (406) 721-6025
kappelman.ben@dorsey.com
Montana Bar No. 12564

*Attorneys for Attorneys Title Guaranty Fund, Inc.*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re:<br><br>**BRITANI NICHOLE BACHE,**<br>**JASON ROBERT BACHE,**<br><br>Debtors. | Case No: 9:23-bk-90138-BPH<br><br>**STIPULATION AND AGREED ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY** |

This Stipulation and Agreed Order (the "***Stipulation***") is entered into by and among (a) the above-captioned debtors (individually, "**Debtor**" and collectively, "***Debtors***") and (b) Attorneys Title Guaranty Fund, Inc., a Colorado corporation (the "***Claimant***" or "***ATGF***," and together with Debtors, the "***Parties***"). The Parties hereby stipulate and agree as follows:

WHEREAS, on August 10, 2023 (the "***Petition Date***"), the Debtors filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Montana (the "***Bankruptcy Court***").

WHEREAS, the Debtors did not provide ATGF with notice of the above-captioned bankruptcy case (the "***Bankruptcy Case***") in their Initial Schedules filed on August 31, 2023 or in their Amended Schedules filed on August 12, 2023. *See* Dkt. Nos. 18, 52, 53.

1

WHEREAS, ATGF first received informal notice of the Bankruptcy Case on November 28, 2023, when Britani Bache left a voice message with the law firm of Dorsey & Whitney LLP, counsel for ATGF.

WHEREAS, on November 13, 2023, yet unaware of the Debtors' Bankruptcy Case, ATGF filed a complaint against Debtor Britani Bache ("*Bache*") in the Supreme Court of the State of New York, County of New York (the "*New York Court*"), asserting claims against Bache for conversion, breach of fiduciary duty, negligence, and unjust enrichment (the "*Complaint*" initiating the "*Civil Action*").

WHEREAS, the Complaint asserts claims against Bache and against various co-defendants, including BBNDD LLC d/b/a Kootenai Country Title (the "*Non-Debtor Defendants*") for conversion, breach of fiduciary duty, negligence, and unjust enrichment (the "*Claims*").

WHEREAS, BBNDD LLC d/b/a Kootenai Country Title, a co-defendant of Bache in the Civil Action has insurance policies in place that may provide coverage to BBNDD and Bache in connection with the Claims set forth in the Complaint (the "*Insurance Policies*").

WHEREAS, the Civil Action as it pertains to Bache is subject to the automatic stay arising under section 362 of the Bankruptcy Code (the "*Automatic Stay*").

WHEREAS, the Parties have agreed to modify the Automatic Stay to allow the Claimant to pursue the Claims against Bache, BBNDD LLC, and any other related entities for the limited purpose of recovering solely from: (i) Bache in the form of the proceeds of the Insurance Policies, if any, (ii) the non-Debtor defendants in the Civil Action, and any other potential non-Debtor third-party, and <u>not</u> from Debtors personally and/or the assets of Debtors or their bankruptcy estates, notwithstanding whatever recovery may be obtained by the Claimant from the applicable

Insurance Policies which may provide coverage for Debtors, including any deficiency which may arise by virtue of judgment in an amount greater than the limits of coverage.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS ORDERED AS FOLLOWS:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The Automatic Stay shall be modified solely to permit the Claimant to serve the Complaint (or any Amended Complaint) on Bache and pursue the Claims in the New York Court for the limited purpose of allowing the Claimant to (a) proceed with the Civil Action and recover or collect any judgment against Bache, arising from the settlement or final adjudication of the Civil Action, *provided*, that such recovery against Bache shall be limited solely to funds available as coverage under such Insurance Policies; and (b) commence, continue, and/or prosecute their claims against Non-Debtor Defendants, and any potential non-Debtor third party.

3. The Claimant shall not seek any recovery from Debtors, their estates, or their successors for any amounts that may be awarded to Claimant in connection with the Claims beyond the coverage afforded pursuant to any applicable Insurance Policies, provided however that Bache, on her own behalf and as Manager of BBNDD, shall direct any proceeds from any Insurance Policies related to the Claims be tendered to ATGF.

4. The Claimant shall not file any adversary proceedings against the Debtors under 11 USC § 523 or 11 USC § 727.

5. The Claimant shall not make any demand or seek to collect any sum from or against Debtors and/or Debtors' estates and/or the assets of any of the foregoing other than the applicable

3
9:23-bk-90138-BPH   Doc#: 121   Filed: 04/25/24   Page 3 of 9

Insurance Policies, notwithstanding any deficiency which may arise by virtue of a judgment in an amount greater than the limits of coverage or arising from coverage. For the avoidance of doubt, and except as otherwise provided in Paragraph 6 below, the Claimant shall not make any demand or seek to collect from or against Debtors, their estates, and/or the assets of any of the foregoing other than the proceeds available from Debtors under any applicable Insurance Policies or from coverage related claims to satisfy (a) any self-insured retention or deductible liability; (b) any obligation to post any security or deposit with any insurer pursuant to the terms of the Insurance Policies; (c) any defense costs; (d) any portion of a judgment or settlement that exceeds the aggregate available coverage under the Insurance Policies not otherwise payable by the insurer; or (e) any other costs of any kind arising from the Civil Action.

6. To the extent applicable, the Automatic Stay is hereby modified, if and to the extent necessary, to permit any underwriter of the Insurance Policies from which coverage is sought pursuant to the Claimant's Claims (or any third-party administrator with respect to such Claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

7. Bache shall cooperate and make herself available in connection with the Civil Action, as reasonably requested by Claimant, both in her role as Manager of BBNDD, and in her individual capacity, by assisting in the submission of appropriate claims made pursuant to the Insurance Policies, and by producing all documentation, notes, memos, letters, emails, sent/received by Bache as Manager of BBNDD, by BBNDD, including any and all emails, letters etc. sent to Bates Carey as claims attorneys for the underwriter of the Insurance Policies and as a witness in the Civil Action.

8. The Claimant shall file this Stipulation and the order approving this Stipulation in the New York Court within five (5) business days after the approval by the Bankruptcy Court and the entry of an order approving this Stipulation on the Bankruptcy Court docket.

9. By entering into this Stipulation, neither the Debtors nor Claimant are waiving and will not be deemed to have waived any available defenses, including at law, equity, or otherwise, including with respect to the Civil Action.

10. Each of the Parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

11. The terms and conditions of this Stipulation will be immediately effective and enforceable upon its entry.

12. Claimant is authorized to take all actions necessary to effectuate the relief granted in this Stipulation.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

14. It is expressly understood that notwithstanding any language to the contrary that this Stipulation does not impair or infringe upon the Claimant's rights to pursue an action against only the insurance carrier for bad faith or violation of insurance law, statutes, and codes.

**THE FOREGOING STIPULATION IS HEREBY APPROVED AND SO ORDERED.**

Signed: _____, 2024

_____
Benjamin P. Hursh
United States Bankruptcy Judge



Dated: ~~March~~ April 23, 2024
Stipulated and agreed by:

_____
Britani Bache

_____
Jason Bache

By: _____
Andrew W. Pierce
Pierce Law Firm, P.C.
*Attorneys for Debtors*

By: _____
Ben D. Kappelman
Dorsey & Whitney LLP
*Attorneys for Claimant Attorneys Title Guaranty Fund, Inc.*

6

Dated: April 23, 2024
Stipulated and agreed by:

                                                                    _____
                                                                    Britani Bache

                                                                    _____
                                                                    Jason Bache

                                               By: */s/ Andrew W. Pierce*
                                                             Andrew W. Pierce
                                                             Pierce Law Firm, P.C.
                                                             *Attorneys for Debtors*

                                               By: */s/ Ben D. Kappelman*
                                                            Ben D. Kappelman
                                                           Dorsey & Whitney LLP
                                                           *Attorneys for Claimant Attorneys Title Guaranty Fund, Inc.*

Dated: April 23, 2024

Stipulated and agreed by:

                                        By: */s/ Robert G. Drummond*
                                              Robert G. Drummond
                                              *Chapter 13 Trustee*

**CERTIFICATE OF SERVICE**

   I, the undersigned, do hereby certify under penalty of perjury that on the 25th day of April, 2024, a copy of the foregoing was served by electronic means pursuant to Mont. LBR 9013-1(d)(2) on the parties noted in the Court's ECF transmission facilities and/or by mail on the following parties:

Steve Kimm

Via Email: alpinerush13@gmail.com

*Creditor*

                */s/ Ben D. Kappelman*
                Ben D. Kappelman