UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**BRITANI NICHOLE BACHE and JASON ROBERT BACHE,**

Debtors.

Case No. **9:23-bk-90138-BPH**

ORDER APPROVING MODIFICATION OF CHAPTER 13 PLAN

Debtors filed a Motion to Modify Plan ("Motion") and First Amended Chapter 13 Plan ("Modified Plan") on May 6, 2025, at ECF Nos. 170 and 171, respectively. The Motion and Modified Plan were transmitted to creditors in accordance with Fed. R. Bankr. P. 3015. No objections to the Motion or Modified Plan remain. A hearing was held on June 26, 2025. Appearances were noted on the record. Upon review, the Court finds that the Modified Plan meets the requirements of 11 U.S.C. § 1322. Accordingly,

IT IS ORDERED that the Motion is granted and the Modified Plan at ECF No. 171, (certain terms below) is the operative plan.

1. **PAYMENTS**

| Amount of Each Payment | $1,800.00 per month for four months $0.00 for one month; $1,800.00 each month for two months; $3,245.00 each month for sixteen months $1,100.00 each month for thirty-seven months. |
|---|---|
| Payment Due Date | 10th of each month |
| Period of Payments | 60 months |
| Trustee to Receive Payments | Robert G. Drummond |

2. **NON-STANDARD PLAN PROVISIONS**

**Conduit Mortgage Payments:** The Chapter 13 Trustee shall act as a conduit for the ongoing monthly interest-only mortgage payments of $285.40 for Claim 18 / Lot 1 and $1,600.49 for Claim 19 / Lot 2 which are secured by Debtors' residential real estate. The monthly Chapter 13

Plan payment in Paragraph 1 includes the sum of $2,095.43 from which the Trustee shall deduct his administrative expenses and submit the balance to on Claims 18 and 19 as monthly interest-only mortgage payments. The conduit payments shall begin with the payment due for April, 2024, lasting for 16 months, through July, 2025, or until the sale closes as outlined in the following Cure By Sale paragraph. The arrearages on Claims 18 and 19 will not receive distributions from the payments referenced in Paragraph 1 of this Plan. If the amount of the payment related to escrow changes, the change shall be effective and the Trustee shall direct the Debtors to adjust their monthly plan payment in an amount sufficient to make the payments as contemplated by this Non-Standard Provision.

**Cure By Sale:** The Debtors' real property shall remain property of the bankruptcy estate. The real property is currently subject to an April 22, 2025 buy-sell agreement which provides for a July 25, 2025 closing date. Within 7 days of plan confirmation the Debtors will move the Court for approval of the buy-sell agreement and the sale. As an additional payment or payments to the Trustee, on or before August 1, 2025, the Debtors will sell the real property located at 62 Indian Head Furlong Libby MT 59923 (Lots 1 and 2) to pay Claims 18 and 19 in full. Any sale of real property and related fees and costs ("sale"), shall be subject to the approval of the Bankruptcy Court. Sale shall not occur without prior authorization of the Bankruptcy Court and notice to the Creditors, and the Trustee shall be given an opportunity to participate in the closing of the sale.

If the property is under contract for sale on August 1, 2025, the sale date is automatically extended to coincide with the contract's closing date and the Debtors shall continue to make interest-only conduit payments to Kimm through the Trustee until the closing of the sale.

**Administrative Fees:** The Trustee's administrative fee for the payment of Claims 18 and 19 shall be paid from sales proceeds at the closing of the sale. Upon application and Court approval, Debtors' attorney fees and costs incurred after May 2, 2024, the estimated amount of which is included in the total provided for in Paragraph 2(a), shall be paid from sales proceeds at the closing of the sale.

If the property is not under contract for sale on August 1, 2025, or a closing does not occur on a contract for sale that has been executed on or before August 1, 2025, the Trustee has the option to undertake the sale himself, or to move the Court to dismiss the case, or to convert the case to Chapter 7. If the sale does not occur by August 1, 2025, Debtors' Court-approved attorney fees and costs shall be paid by a $250.00 per month increase (or other increase as necessary to pay the approved administrative fees) in the Debtors' plan payment to the Trustee for the final 37 months of the plan, in addition to the amount provided for in Paragraph 1.

This plan does not attempt to cram down or otherwise reduce the amounts owed to Steve Kimm. Debtors will continue to pay Kimm interest-only conduit payments until the real property is sold. Debtors will remain current on property taxes and insurance during the plan, and they will cure any current property tax arrearages within 90 days of plan confirmation.

3. **OTHER PROVISIONS**

   a. Pursuant to 11 U.S.C. § 1325(c) any entity from whom the Debtors receive income

shall withhold the monthly payments required under the Plan and pay such payments to the Standing Chapter 13 Trustee, unless waived by court order.

b.  Debtors' Plan provides an estimate of Debtors' counsel's fees as an administrative claim. If the estimated fees exceed the Court's approved no-look fee, no fees will be paid to counsel until the Court approves counsel's application for professional fees and costs.

Dated June 27, 2025.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana